IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| CURTIS J. HENDRICKSON,<br><br>Plaintiff,<br><br>       vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br><br>Defendant. | CV-09-101-GF-SEH-RKS<br><br>**ORDER ON SUMMARY JUDGMENT** |

Plaintiff, Mr. Curtis Hendrickson ("Mr. Hendrickson"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"),

-1-

denying his applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g).  This case is assigned to the undesigned by consent of the parties.  (C.D. 11.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 18 & 21.)  The motions are fully briefed and submitted.

## I.  PROCEDURAL BACKGROUND

Mr. Hendrickson filed for SSI on February 21, 2007, alleging a disability onset date of December 31, 2000. Tr. at 113, 115.  His claim was denied initially on June 4, 2007, Id. at 113, and again after a request for reconsideration on November 16, 2007.  Id. at 115.  Mr. Hendrickson timely requested a hearing in writing on January 24, 2007, Id. 9.  A hearing was held on March 5, 2009, Id. at 19-92.

The Administrative Law Judge's ("ALJ") decision denying SSI and DIB benefits was issued on March 23, 2008.  Id. at 9-18.  The Appeals Council denied review on August 11, 2009, id. at 1, making the ALJ's March 23, 2009 findings the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance."  Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a

whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

**III.    BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in

the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show he is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that he has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to

the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC").  Jones, 760 F.2d at 995.

**IV. DISCUSSION**

The ALJ found that Mr. Hendrickson has not engaged in substantial gainful activity since February 21, 2007. Tr. at 11. The ALJ also found that Mr. Hendrickson has severe impairments that produce limitations which meet the definition of severe but the Claimant does not have an impairment that meets one of the impairments listed in 20 CFR Part 404, subpart P, Appendix 1(20 CFR 416.925 and 41.926).  Id. at 11.

The ALJ found Mr. Hendrickson had the residual functional capacity (RFC) to perform a limited range of medium work as defined in 20 CFR 416.967(c), which includes light jobs like parking lot attendant, laundry worker and cleaner/housekeeper. Tr. 12.

Mr. Hendrickson argues the ALJ erred when he 1) failed to include and consider substantial evidence, a

medical source statement, which was submitted prior to the hearing, Pltf.'s br. at 4-5;  2) the Commissioner's decision that Mr. Hendrickson can engage in substantial gainful activity at the medium level is not supported by substantial evidence in the whole record.  Id. at 7-8; and 3)the credibility assessment of Plaintiff is erroneous.  Id. At 13-14

The Commissioner argues that substantial evidence supports all the ALJ's determinations.

## V. THE MEDICAL SOURCE STATEMENT

After careful consideration, the interests of justice are best served in this case by remanding the matter to the ALJ for the sole purpose of considering what effect, if any, the medical source statement of Ms. Savage should have.  The medical source statement is attached as Exhibit 1 to C.D. 20 – C.D. 20-1, Plaintiff's Statement of Uncontroverted Facts.

The ALJ wrote a detailed, otherwise thorough and persuasive decision. Tr. 9-18.  His conclusion appears to be correct and to put to rest most of the objections Plaintiff raises.  In particular, it is noteworthy that

Mr. Hendrickson does not deal with the profound effect that the ALJ found that Mr. Hendrickson's own failure to take reasonable steps to control his own diabetes has had on Mr. Hendrickson's ability to work.  Tr. 14.

It also appears likely that the statement of Ms. Savage will not be controlling under 20 C.F.R. §416.913(d)(I).  See <u>Bunnell v. Sullivan</u>, 912, F.2d 1149, 1152 (9th Cir. 1990). But there is no discussion at all in the AJL's opinion of Ms. Savage's Medical Source Statement.

This brings into question the effect, if any, of 5 U.S.C. §70, 42 U.S.C. §405 (g) and the "credit-as-true rule".  See <u>Vasquez v. Astrue</u>, 572 F. 3d 586, 593 (9th Cir. 2009).

Here Commissioner's brief, C.D. 22, p. 19-21, is a remarkably candid and thorough exposition of the rule and its application.  Although the utility of this very limited remand may be uncertain, it appears just to decide this matter on consideration of a complete record.  <u>Harman v. Apfel</u>, 211, F.3d 1172, 1173, 1179 (9th Cir. 2000).

**VI. ORDER**

Therefore, **IT IS HEREBY ORDERED** that this matter is remanded for the sole purpose of considering the effect, if any, of the Medical Source Statement, C.D. 20-1.

DATED this 28th day of April, 2010.

<u>/s/ Keith Strong</u>
Keith Strong
U.S. Magistrate Judge