IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| CURTIS HENDRICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-101-GF-RKS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER DENYING** |
| MICHAEL J. ASTRUE, | ) | **PLAINTIFF'S MOTION** |
| COMMISSIONER OF SOCIAL | ) | **FOR ATTORNEY'S FEES** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

After judicial review by this Court, Plaintiff's case was remanded to the Administrative Law Judge ("ALJ") for "the sole purpose of considering the effect, if any, of the Medical Source Statement" of Ms. Jessica Savage.  (C.D. 25).  Plaintiff now requests attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (C.D. 27).  The

Commissioner opposes Plaintiff's Motion.  (C.D. 32).  Plaintiff's Motion is fully briefed and ripe for decision.

The EAJA provides for an award of attorney's fees to a prevailing party (other than the United States), unless the Court finds the position of the United States was substantially justified or other circumstances make the award of attorney's fees unjust. 28 U.S.C. § 2412(d)(1)(A).  The position of the government can be substantially justified, even if it was not correct.  <u>Pierce v. Underwood</u>, 487 U.S. 552, 556 n. 2 (1988).  A position is substantially justified if it has a reasonable basis in both law and fact.  <u>Id</u>. at 555.  The government "need not show it had a substantial likelihood of prevailing."  <u>Petition of Hill</u>, 775 F.2d 1037, 1042 (9th Cir. 1985).

In the present case, Mr. Hendrickson prevailed. (C.D. 25, 26).  However, the Court remanded only for consideration of one report.  The Commissioner was justified in it's position that the report would not have changed the outcome of the case.  Indeed, the

Court found it "likely that the statement would be controlling" and that the remainder of the ALJ's decision was "detailed, otherwise thorough, and persuasive[.]" (C.D. 25).  The Court found the ALJ's "conclusion appears correct and put to rest most of the objections Plaintiff raises."  (Id. at 7).

The Commissioner's position regarding the Medical Source Statement was that Plaintiff did not show it was material evidence that could alter the outcome of the case, nor did Plaintiff show good cause for not presenting the evidence earlier.  Based on this Court's findings, the position of the Commissioner was substantially justified.  It was reasonable in fact and law, even though that argument was rejected by the Court.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees is **DENIED.**

DATED this 27th day of August, 2010.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge